BOSWELL *et al. v.* UNDERWOOD, administrator, *et al.*

1. Where in January, 1868, an administrator charged himself, in his return for 1867, with cash proceeds of land of the estate sold by him, which proceeds he had not actually received but had taken the note of the purchaser payable when possession of the land was obtained, and these facts were explained in his next return, the heirs had the right to wait until 1874, when the purchaser was put into possession and the money for the land paid; and the statute of limitations did not commence to run against them until that time, if then.
2. An action on an administrator's bond for the use of an heir of the deceased, and children of another heir who has died, can be amended by striking the names of the children and inserting the name of the administrator of their parent in their stead.

December 6, 1889.

Administrators.   Actions.   Limitations.   Amendment.   Before Judge WELLBORN.   Hall superior court. July term, 1889.

Action on administrator's bond, by the ordinary for

the use of a child, Boswell, and grandchildren, Wright and Staten, of Barnes, brought in January, 1888. Nonsuit for bar of the statute of limitations, and because the mother of Wright and Staten was an heir at law of Barnes and had died since his death, and therefore it was the right of her administrator, not her children, to recover her share. The plaintiffs excepted. For the other facts see the decision.

G. H. PRIOR and J. M. TOWERY, for plaintiffs.

PERRY & DEAN, for defendants.

SIMMONS, Justice.

The court below granted a nonsuit in this case under the following state of facts : The declaration alleged that the money was received by the administrator in December, 1868. The proof showed that the administrator sold a certain tract of land, and that when he undertook to put the purchaser in possession thereof, the occupants of the land refused to give possession, and that he (the administrator) commenced suit to eject them, and this suit was finally terminated in his favor in 1874. The proof also showed that, by the first return he made, he charged himself with the proceeds of the sale of this land in said return as cash, and in the next return he explained that charge by stating the fact of the sale of the land, the refusal of the occupants of the land to surrender it, and the fact that he had commenced suit to eject them. He made other returns in 1869, 1870 and 1871, showing payments by him to the heirs and creditors of the estate. On the trial of this case, the administrator was introduced as a witness by the plaintiffs, and he testified that he sold the land as above stated, that the occupants refused to surrender possession, that he brought suit, which was decided in his favor in 1874, and that while he charged himself with cash for the land sold in his first return,

he did not receive any cash, but took the note of the purchaser of the land, payable when he recovered the land in the suit, and that the note was not paid until 1874, which was the year he received the money for the land.

1. The court granted a nonsuit under this statement of facts, upon the ground that the claim was barred by the statute of limitations ; that more than twenty years had elapsed since the right of action of the plaintiffs in the court below had accrued ; and upon the further ground that the grandchildren could not bring this suit. The record does not show that the plea of the statute of limitations, or any other plea, was filed by the administrator. We think the court erred in granting a nonsuit upon the ground that the action was barred by the statute of limitations. Admitting, for the sake of the argument, as contended by counsel for the defendants in error, that the money was received by the administrator in December, 1867, instead of December, 1868, as alleged in the declaration, and therefore more than twenty years had elapsed since the administrator received the money, we would still hold, under the facts in this case, that the action was not barred. We do not think that the heirs or legatees are compelled to commence an action against the executor or administrator every time that the executor or administrator receives money. It is true that they have this technical right ; and perhaps they had the technical right in this case when the administrator, in his first return of the sale of this land, charged himself with the proceeds of the sale as cash, although he had not at that time received it. We think they had a right, when they received information from him in his return made the next year that he had not received the cash because he had failed to put the purchaser in possession, to wait upon him until he received the money. Their real,

v 84-6

actual right accrued when he did receive the money in 1874 from the purchaser of the land, and the statute did not commence to run against them until that time, if then.

2. As to the other ground of the nonsuit, it is unnecessary to discuss that, as the case will be sent back for a new trial; and then, if necessary, the petition can be amended by striking out the grandchildren and inserting the administrator of their mother as the usee.

*Judgment reversed.*